**Dated: January 22, 2016**

**The following is ORDERED:**



Tom R. Cornish
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In Re:

ALEXANDER LOUIS BEDNAR                    Case No:   15-11916
                                          Chapter   7

               Debtor.

### ORDER DENYING MOTION FOR CONTEMPT

      Before the Court is Debtor's Motion for Contempt with Brief in Support (Docket Entry 103) and Response filed by Edward F. Saheb, individually and Law Offices of Edward F. Saheb LLC (Docket Entry 105). The Court heard oral arguments on this matter and took under advisement. After considering the arguments, pleadings, and applicable law, for the reasons stated herein, the Court finds that the Motion should be denied.

**Background**[1]

On January 26, 2015 a lawsuit was filed against Debtor Alexander Bednar ("Bednar") and against A. L. Bednar, LLC, and Oklahoma limited liability company ("LLC") in Oklahoma County District Court ("State Court Case") by Law Offices of Edward F. Saheb LLC and Edward F. Saheb ("Saheb"). Saheb's State Court Case sought a judgment against Bednar and the LLC for fraud. Bednar commenced his Chapter 7 bankruptcy case on May 20, 2015, as a pro se filer. He filed no schedules, and his handwritten matrix included two creditors, one of which was "Ed Saheb, 3787 NW Expressway, Ste 770, OKC 73118" (Respondent herein). According to the Response before this Court, Saheb learned of Bednar's bankruptcy filing on the day it was filed. Also on May 20, 2015, the Bankruptcy Court Clerk's office filed Official Form 9A, Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("341 Notice") which announced that the 341 Meeting of Creditors was set June 17, 2015, and that the deadline to object to Bednar's discharge or to challenge the dischargeability of certain debts was August 17, 2015.[2]

Saheb filed a "Suggestion of Bankruptcy of Alex Bednar" in the State Court Case on June 2, 2015, which states that all action against Mr. Bednar has been stayed by operation of law pursuant to 11 U.S.C. § 362. On June 5, 2015, a Journal Entry of Judgment ("Judgment") was entered by Judge Swinton in the State Court Case granting summary judgment for $ 55,197.31 to Saheb against A. L. Bednar LLC.[3] The Judgment contains the following statement in the opening paragraph: "On

---

[1] These facts listed herein are taken from the Motion and Response that the parties agree upon.

[2] Case No. 15-11916, Docket Entry 5.

[3] Exhibit D to Motion for Contempt. The Docket for the State Court Case, attached as Exhibit A to the Motion, reflects that Saheb filed a Motion for Summary Judgment on January 26, 2015, the same day that he filed the State Court Case.

the 5th day of June, 2015 comes before the Court Plaintiffs' Motion for Summary Judgment. Plaintiff announces to the Court that the Defendant, Alex Bednar a/k/a Alexander Louis Bednar has filed Bankruptcy and is subject to Bankruptcy Court's Stay and no longer subject of this Motion." The Judgment also states: "The Court finds A.L. Bednar LLC through its officer Alex Bednar fraudulently induced the Plaintiff into setting up an office and entering into two year lease, with intent to defraud transferred Plaintiff's (*sic*) some of the funds due to the Plaintiff to the accounts of Defendant A. L. Bednar LLC." Saheb represented to this Court that before she would enter the Judgment, Judge Swinton instructed him to verify whether the co-defendant LLC had filed bankruptcy. Saheb stated that he walked to the Bankruptcy Court Clerk's office and verified that the LLC had not filed bankruptcy, nor had Bednar filed any schedules or other information in his personal bankruptcy that referenced the LLC. Upon hearing this information from Saheb, Judge Swinton entered the Journal Entry of Judgment. Saheb obtained a Garnishment Affidavit on June 5, 2015, against A. L. Bednar LLC and attempted to garnish a bank account at Bank of America for the amount of the judgment. The parties represented to the Court that no funds were recovered.

Eventually, Bednar obtained counsel, and filed an Amended Petition with Schedules and an Amended Matrix on July 8, 2015.[4] He listed an ownership interest in A. L. Bednar, LLC on Schedule B, with the value as "unknown." He represented to the Court that he is the sole owner of the LLC. Saheb filed an adversary case on August 21, 2015, seeking to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2). The deadline for filing objections to discharge was August 17, 2015, so the adversary was dismissed.[5] Bednar's discharge was entered September 11, 2015.[6]

---

[4]Case No. 15-11916, Docket Entries 23, 24, 25 and 26.

[5]Case No. 15-1250, Docket Entry 12.

[6]Case No. 15-11916, Docket Entry 83.

**Analysis**

Section 362(a) operates to stay the continuation of a proceeding against a debtor, to recover a pre-petition claim against the debtor, collect against property of the estate or create a lien against property of the estate. The automatic stay protects the debtor, debtor's property and property of estate, but it does not protect non-debtor parties, including non-debtor insiders, or their property. *See Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC,* 491 B.R. 27 (S.D. N.Y. 2013). Only in rare and highly unusual situations may the automatic stay's protection be extended to non-debtors, where there is a close identity between debtor and non-debtors, and where it is clear that the debtor is the real party defendant and a judgment against the non-debtor co-defendant would, in effect, be a judgment or finding against the debtor, such as where the co-defendant is entitled to absolute indemnity by the debtor. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett,* 24 F.3d 136, 141-42 (10th Cir. 1994)(citations omitted.)[7] Extension of the stay to non-debtors does not flow automatically from § 362(a), but only where the bankruptcy court expressly extends the stay to others. *Fisher Sand & Gravel Co. v. Western Sur. Co.*, No. CV 09-727, 2009 WL 4099768 (D. N.M. Oct. 20, 2009). Where the stay is in effect, a debtor who alleges a willful violation of the stay and seeks damages bears the burden of proving that the creditor willfully acted in violation of the stay and that the debtor suffered damages as a result of that action. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007). Whether a party's action is a violation of the automatic stay is a question of law. *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98 (10th Cir. BAP 2012), *aff'd* 514 Fed. Appx. 810 (10th Cir. 2013). Any actions taken in violation

---

[7]*See also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983), citing cases where automatic stay not extended to guarantors, co-debtors, partners, or joint tortfeasors. *Lynch* also reviews the legislative history of § 362, noting "a congressional intent to stay proceedings against the debtor, and no other ...." *Id.* at 1197.

of the automatic stay are void and of no force and effect. *Id.*

Bednar argues that upon the filing of his individual bankruptcy petition, the stay applied to protect him personally and his LLC. He alleges that Saheb violated the automatic stay in five ways: 1) by obtaining a judgment against the LLC, a wholly-owned subsidiary of Bednar; 2) by including a factual finding against Bednar individually in the Judgment; 3) by exercising control over property of the Bankruptcy Estate; 4) by seeking to garnish the LLC's bank account and impose a lien on property of the Bankruptcy Estate, and 5) his collective conduct in proceeding against the LLC. The first, third, fourth and fifth alleged violations are essentially based upon the same premise that Bednar and his LLC are one and the same, and that his ownership interest in the LLC brings all assets of the LLC into his bankruptcy estate and under the protection of the automatic stay. The Court will address those together. The second alleged violation involves a different issue and will be addressed separately from the others.

Bednar argues that the stay extended to the LLC because it was wholly owned by him and was named after him, as if this occurs by operation of law. Essentially, he is asking the Court to ignore the corporate entity of the LLC and consider him and the LLC as one and the same. He also alleges that Saheb knew Bednar owned the LLC, presumably to imply that Saheb knew there was no legal distinction between the individual and the LLC, and that any act against the LLC was the same as an act against Bednar personally. He calls his LLC an "an artificial legal entity." But, even if one recognizes the LLC as a separate legal entity, Bednar believes that the automatic stay extends to protect the assets of the LLC because he – a debtor – owns the LLC. He argues that his interest in the LLC brings the assets of the LLC into his bankruptcy estate pursuant to 11 U.S.C. § 541.

A corporation is a distinct legal entity established under state law. Bankruptcy recognizes the separate existence of corporations and individuals. Bednar, the individual, filed bankruptcy, not

his LLC. Nevertheless, he asks the Court to ignore the legal distinctions between him and his LLC and find that the automatic stay was violated when Saheb took judgment against the LLC. He cites *Queenie, Ltd. v. Nygard Internat'l*, 321 F.3d 282 (2d Cir. 2003) for the proposition that an individual debtor's automatic stay may extend to protect a non-debtor corporation wholly owned by the debtor, where there is such an identity between the two that debtor may be said to be the real party defendant. The Court does not read *Queenie* to support Bednar's position in this case. The *Queenie* decision involved the prospective application of the automatic stay in an appeal of a judgment when one of the appellants – an individual – filed bankruptcy under Chapter 11. The Second Circuit held that, under the special facts of that case, the appeal of the judgment against that debtor and his wholly owned corporation would be stayed because adjudication of the claim against the corporation would have an immediate adverse economic impact on the debtor's bankruptcy estate. That is not the case here. Bednar did not ask this Court to extend protection of the stay to the non-debtor LLC when he filed his personal bankruptcy case, nor is there any indication that he made that request or presented that defense to the State Court. Indeed, it was Saheb who notified the State Court that Bednar had filed bankruptcy.

The Court finds that the automatic stay did not extend to the LLC by virtue of Bednar filing bankruptcy. The LLC has never filed bankruptcy and is a non-debtor. When Bednar filed his personal bankruptcy, there was no indication that he claimed any ownership interest in assets owned by his LLC. Although he eventually listed his ownership interest in the LLC as personal property, he did not do so until more than a month after he filed bankruptcy and the Judgment was entered. No effort was made to extend the automatic stay to the LLC upon the filing of Bednar's personal bankruptcy.[8] Even if Bednar and the LLC were so connected as to justify the extension of the

---

[8] *See Fisher Sand & Gravel Co. v. Western Sur. Co.*, 2009 WL 4099768, at *4.

automatic stay, Bednar never sought that remedy from this Court. He was certainly aware that both he and the LLC were defendants in the State Court Case. He also was aware that a motion of summary judgment had been filed. He did not file a Suggestion of Bankruptcy in the case – Saheb did that. Saheb also reminded Judge Swinton that Bednar was in bankruptcy and that the Motion for Summary Judgment was not directed at him. The language of the Judgment clearly states that. The Court finds no violation of the automatic stay by Saheb taking judgment against the LLC because there was no stay in place that protected the LLC.

Nevertheless, the automatic stay operates to prohibit acts to obtain possession of property of the estate. Bednar argues that his ownership interest in the LLC was property of the bankruptcy estate, as well as all assets owned by the LLC. "Property of the estate" is broadly defined under the Bankruptcy Code, however, the extent of a debtor's ownership interest in certain property is determined under state law. *See, Butner v. United States*, 440 U.S. 48, 55-57 (1979). Bednar represents that the LLC is an Oklahoma limited liability company. Under Oklahoma's Limited Liability Company Act, OKLA. STAT. tit. 18, § 2032, Bednar's membership interest in the LLC is personal property, so he was correct in listing it on his schedules. However, that statute also states: "A member has no interest in specific limited liability company property." Corporate assets generally are not included in property of an individual debtor's bankruptcy estate. *See, Mcorp Mgmt. Solutions, Inc. v. Thurman (In re Thurman),* 901 F.2d 839, 841 (10th Cir. 1990); *In re Willcut*, 2012 WL 4471577 (Bankr. N.D. Okla. Sept. 27, 2012). Neither the bank account nor any other assets of the LLC is personal property of Bednar or property of his bankruptcy estate. Thus, attempts to obtain possession of the LLC's property were not acts to obtain possession of or exercise control over property of his bankruptcy estate and were not violations of the automatic stay.

Bednar also argues that specific language in the Judgment is a violation of the automatic stay

afforded to him personally. Paragraph 4 states:

> The Court finds A.L. Bednar LLC through its officer Alex Bednar fraudulently induced the Plaintiff into setting up an office and entering into two year lease, with intent to defraud transferred Plaintiff's (*sic*) some of the funds due to the Plaintiff to the accounts of Defendant A. L. Bednar LLC.

Bednar cites no legal authority for his view that this statement is the equivalent of a finding of personal liability against him. Under Oklahoma law, Bednar is not liable for the debts of the LLC simply because he is a member or manager of the LLC. OKLA. STAT. tit. 18, § 2022. Corporate officers may be liable for corporate obligations or conduct on fraud, alter ego or similar tort claims against the corporation. *See Smoot v. B & J Restoration Services, Inc.*, 279 P.3d 805, 2012 OK CIV APP 58, n. 3. Nevertheless, the Court does not believe the specific language of the Judgment is tantamount to a continuation of a claim against Bednar which violated the automatic stay. The Judgment's opening paragraph states that Bednar has filed bankruptcy and "is subject to Bankruptcy Court's Stay and no longer subject of this Motion." This is a clear acknowledgment that the automatic stay applies to Bednar and that there is no intent to take action against him in violation of the stay. The State Court goes on to award judgment against the LLC, not Bednar individually. The Court does not believe that the specific finding would collaterally estop or otherwise preclude Bednar from defending himself on a charge of fraud in subsequent court proceedings because of the limitations placed within the Judgment. To hold otherwise would result in an extension of the automatic stay to all non-debtor entities in which a debtor had an interest when he filed his individual bankruptcy. That would nullify the rule that such an extension should only be granted in rare and highly unusual situations. Finally, as a practical matter, Saheb's attempt to hold Bednar personally liable for this debt has been foreclosed since Saheb's adversary complaint against Bednar under § 523(a)(2) has been dismissed with prejudice. For these reasons, the Court finds that Saheb did not

violate the automatic stay, and the Motion for Contempt should be denied.

**Conclusion**

IT IS THEREFORE ORDERED that Debtor's Motion for Contempt with Brief in Support (Docket Entry 103) is **denied**.

###