

**Dated: August 30, 2018**

**The following is ORDERED:**

**Tom R. Cornish**
**U.S. Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

**BEDNAR, ALEXANDER LOUIS**                         Case No. 15-11916-TRC
        **Debtor.**                                          Chapter 7

### ORDER DENYING DEBTOR'S MOTION FOR INJUNCTION AND SANCTIONS

      Before the Court is Debtor's Motion for Injunction Against Creditor Jill Bednar and Her

Attorneys for Violation of Discharge Order and to Determine Invalidity of State Divorce Decree

to Extent it Infringes on Bankruptcy Estate (Docket Entry 146) and Jill Bednar's Response

(Docket Entry 147).  Debtor's Motion was filed October 27, 2017.  Debtor failed to request a

hearing on his motion so this Court set a show cause hearing.  The Court conducted the

telephonic hearing on this matter on August 30, 2018.  Appearing before the Court were Debtor

Alexander Bednar, and Phillip Owens II on behalf of Jill Bednar.  The parties presented their

arguments to the Court.  Having reviewed the Motion, legal authorities, court file of this case as

well as the dockets of the Bednars' divorce case, Oklahoma County Case No. FD-2014-4499,

and appeal of the divorce decree currently pending before the Oklahoma Court of Civil Appeals,

DF-116125, the Court finds that Debtor's Motion should be denied.

Debtor filed his Chapter 7 bankruptcy case on May 20, 2015. On July 28, 2015, Jill Bednar filed a Motion for Relief from the Automatic Stay to allow her to initiate a divorce action, including determinations as to child custody, child support, division of property and debts (Docket Entry 42). Debtor did not file a response. This Court entered its Order granting Jill Bednar's requested relief and lifted the automatic stay on August 24, 2015 (Docket Entry 71). Debtor's discharge was entered September 11, 2015. The Trustee filed his Final Account on May 16, 2017 (Docket Entry 145) in which he listed most of Debtor's assets as having no value and as fully administered, including the art collection Debtor mentions in this Motion.

The relief Debtor seeks before this Court is to sanction Jill Bednar and her attorneys for violations of the automatic stay and discharge injunction regarding alleged misrepresentations made in the divorce proceedings in state court. Debtor also seeks an order setting aside his divorce decree. This Court lifted the automatic stay more than three years ago. The actions Debtor complains of took place after this Court lifted the stay and occurred in a state court proceeding. The divorce decree is currently on appeal before the Oklahoma Court of Civil Appeals. Having previously lifted the stay and the Trustee having filed his Final Report, this Court lacks authority to enjoin actions of the state court or sanction any actions that may have taken place therein.

IT IS THEREFORE ORDERED that Debtor's Motion for Injunction Against Creditor Jill Bednar and Her Attorneys for Violation of Discharge Order and to Determine Invalidity of State Divorce Decree to Extent it Infringes on Bankruptcy Estate (Docket Entry 146) is **denied**. The Court also denies any requests for costs and attorney fees related to this matter.

###